# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-1617V
UNPUBLISHED

| | |
|---|---|
| CHRISTA CARDENAS,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 10, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On October 16, 2019, Christa Cardenas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered shoulder injuries as a result of an influenza vaccine administered on October 31, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 27, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a Shoulder Injury Related to Vaccine Administration. On May 10, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $58,039.67. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

- **A lump sum payment of $57,719.34 (representing compensation in the amount of $55,000.00 for pain and suffering, $506.34 for lost wages, and $2,213.00 for unreimbursable medical expenses).**

- **A lump sum payment of $320.33 representing compensation for satisfaction of the Texas Medicaid & Healthcare Partnership lien, payable jointly to Petitioner and**

TMHP TPL-Tort Department
Attn: Tort Receivables
P.O. Box 202948
Austin, TX 78720-2948
Case number: 999992535304240

Petitioner agrees to endorse this check to TMHP TPL-Tort Department.

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CHRISTA CARDENAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 19-1617V |
| | )   Chief Special Master Brian Corcoran |
| SECRETARY OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 27, 2021, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") within the Table timeframe following an influenza vaccination, which was compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34. Accordingly, on April 27, 2021, the Chief Special Master issued a Ruling on Entitlement.

## I.    Items of Compensation

Respondent proffers that petitioner should be awarded $55,000.00 for pain and suffering, $506.34 for lost wages, $2,213.00 for unreimbursable medical expenses, and $320.33 to satisfy a Medicaid lien asserted by Texas Medicaid & Healthcare Partnership. These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made in the form of two lump sum payments:

A.  A lump sum payment of **$57,719.34,** representing compensation for pain and

suffering, lost wages, and unreimbursable medical expenses, in the form of a check

payable to petitioner.[1]

B.  A lump sum payment of **$320.33** representing compensation for satisfaction of the

Texas Medicaid & Healthcare Partnership lien, payable jointly to petitioner and

TMHP TPL-Tort Department
Attn:  Tort Receivables
P.O. Box 202948
Austin, TX 78720-2948
Case number:  999992535304240

Petitioner agrees to endorse this check to TMHP TPL-Tort Department.

These payments represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

s/ LARA A. ENGLUND
LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  May 10, 2021